Signed: April 13, 2009

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                No. 08-47449 T

COLLINS A. MBANUGO,                  Chapter 11

    Debtor-in-Possession.
_____/

**MEMORANDUM RE PLAN AND DISCLOSURE STATEMENT**

The hearing on the disclosure statement filed by the above-captioned debtor on March 10, 2009 is scheduled for hearing on April 16, 2009 at 11:00 a.m. A final hearing on a motion for relief from stay filed by PR Investor Services, Inc. and Meridian Mortgage Investors Fund VII, LLC (collectively "PR/Meridian") is scheduled for May 22, 2009. At the preliminary hearing, the Court advised the debtor that it had taken a quick look at the disclosure statement and concluded that it could not be approved in its present form. The Court had not at that time had an opportunity to review the plan and disclosure statement carefully. The Court has

now read the plan and disclosure statement carefully, and objections have been filed to the adequacy of the disclosure statement. The Court issues this Memorandum to advise the parties of its proposed rulings.

**A. DEFECTS IN DEBTOR'S PLAN**

1. There is no class created for the debtor's equity in the estate. The debtor's equity interest must be classified and the class designated as unimpaired.

2. The proposed treatment of the unclassified IRS claim is improper. Under BAPCPA, such claims must now be paid within five years from the petition date.

3. Paragraph 11.4 on page 13 states that the debtor reserves the right to seek confirmation notwithstanding the rejection of the plan by one or more classes of creditors. This statement is misleading. Because the plan does not commit to paying unsecured claims in full with post-petition interest and the debtor is retaining his equity interest in the estate property, the plan may not be confirmed over the rejection of Classes J and K.

**B. DEFECTS IN DEBTOR'S DISCLOSURE STATEMENT**

1. The liquidation analysis is inadequate. The debtor must list each item of real property and each category of personal property and estimate the liquidation value of each. From each value, the debtor must deduct, as appropriate, the cost of liquidation, the secured debt, and the amount of any exemption. The net liquidation value of each item or category should then be

2 | totaled and from that deducted the estimated chapter 7 expenses,
3 | next, the estimated chapter 11 expenses, and the estimated priority
4 | claims.  The balance should then be compared with the estimated
5 | total of unsecured claims.  The value of any potential lawsuits
6 | must be included in this analysis.  The discussion should also
7 | disclose the time within which the proceeds of the liquidation are
8 | likely to be distributed.  This should be compared to the amount
9 | and time frame of the proposed distribution under the plan.

10 |     2.  The feasibility discussion is inadequate.  It contains no
11 | real factual information, just self-serving expressions of
12 | optimism.  If the feasibility depends primarily on the debtor's
13 | future salary from his medical practice, more concrete information
14 | must be provided about the estimated revenues he anticipates
15 | receiving.  These must be compared to the amounts that he proposes
16 | to pay under the plan.  If the feasibility of those amounts cannot
17 | be justified based on his recent earnings, justification must be
18 | provided in some other way, e.g., what were his net revenues before
19 | he allowed his medical practice to "drift"?

20 |     If the feasibility depends primarily on revenues from the sale
21 | of real property, the disclosure statement should discuss in detail
22 | what efforts the debtor has made to date to sell the real property
23 | and when he expects any sales will be concluded.

3

**C. CREDITORS' OBJECTIONS**

**1. Objections by Alcoa, Inc.**

Alcoa objects to approval of the disclosure statement on two grounds:

a. Alcoa objects to the statement in the disclosure statement that it was a prior owner of the land containing an abandoned sulfur mine.

The Court has no basis at present to determine whether this statement is correct or incorrect. If the issue is in dispute, evidence should be provided sufficient to resolve the dispute or the existence of the dispute should be disclosed in the disclosure statement.

b. Alcoa objects to the disclosure statement on the ground that it gives the impression that the $420,000 to be paid to unsecured creditors by the debtor will be sufficient to pay those claims in full. Alcoa notes that the plan provides that the Remediation Agreement, which the debtor entered into with Alcoa, will be rejected. Alcoa asserts that the rejection claims that would arise as result of the rejection might exceed $2 million.

This objection has merit and will be sustained. The disclosure statement would have to be amended to eliminate this false impression and to discuss the anticipated range of the rejection claims.

**2. Objections by PR/Meridian**

PR/Meridian makes the following objections to the disclosure statement:

a. PR/Meridian contends that the disclosure statement does not adequately disclose the facts relating to the pre-petition events leading up to the bankruptcy filing. It notes that the disclosure statement fails to disclose the debtor's default on Meridian's secured claim and the fact that, before filing for bankruptcy, the debtor filed a state court action and sought a preliminary injunction of the foreclosure action, which was denied. It notes that the debtor has also not disclosed whether he is in default on his other secured obligations.

This objection will be sustained. Since the disclosure statement discloses that the bankruptcy was filed to stop a foreclosure by PR/Meridian, the failure to expressly disclose a default is nonmaterial. However, the history of the state court action should be disclosed, and the debtor should disclose whether he is in default on his other secured obligations and, if so, to whom and in what amounts.

b. PR/Meridian contends that the disclosure statement does not adequately disclose the facts relating to the debtor's activities and condition since filing for bankruptcy. It notes that the only information provided is that the debtor is a surgeon and is taking steps to increase his medical practice. It contends that more concrete information concerning his income from his medical practice is necessary. It also notes that there is no

5

2 information concerning what progress he has made in obtaining
3 approvals from the City of Oakland.

4     This objection overlaps with one of the defects noted by the
5 Court and will be sustained.

6     c. PR/Meridian contends that the disclosure statement does
7 not provide an adequate summary of the plan.

8     The substance of this objection goes to the inadequate
9 discussion of feasibility. Therefore, this objection will not be
10 sustained as a separate ground.

11     d. PR/Meridian contends that the disclosure statement does
12 not adequately describe the proposed impairment of Meridian's
13 claim. It contends that the disclosure statement is unclear as to
14 whether its claim is impaired. According to PR/Meridian, it does
15 not state whether it will retain its lien, whether additional
16 collateral will be provided, how it arrived at an 8% interest rate,
17 and how its interest rate would accrue and/or be paid.

18     This objection will be overruled. The plan states with
19 sufficient clarity the proposed treatment of the PR/Meridian claim,
20 including that PR/Meridian will retain its lien. The disclosure
21 statement need not repeat this information and need not disclose
22 that it does not intend to provide additional collateral. The
23 adequacy of the interest rate is a confirmation issue. No
24 disclosure is required at this time of how the debtor arrived at
25 this interest rate.

6

e. PR/Meridian contends that the disclosure statement does not adequately discuss the feasibility of the plan and that the liquidation analysis is inadequate.

This objection mirrors the Court's own notation of defect. The objection will be sustained.

END OF DOCUMENT

```
 2                          COURT SERVICE LIST

 3   James F. Beiden
     Law Offices of James F. Beiden
 4   840 Hinckley Rd. #245
     Burlingame, CA 94010
 5
     Kelly Woodruff
 6   Farella Braun & Martel LLP
     Russ Building, 235 Montgomery St.
 7   San Francisco, CA 94104

 8   Donald H. Cram
     Severson & Werson
 9   One Embarcadero Center, Ste. 2600
     San Francisco, CA 94111
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
```