Entered on Docket
May 20, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed: May 20, 2009**



_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                              No. 08-47449 T
                                   Chapter 11
COLLINS A. MBANUGO,

    Debtor-in-Possession.
_____/

**MEMORANDUM RE AMENDED PLAN AND DISCLOSURE STATEMENT**

A final hearing on the motion for relief from the automatic stay filed by PR Investor Services, Inc. and Meridian Mortgage Investors Fund VII, LLC (collectively hereinafter "Meridian") is scheduled for May 22, 2009 at 1:00 p.m. In the mean time, the debtor has filed an amended plan and disclosure statement, attempting to correct the deficiencies noted by the Court in its order of April 16, 2009, which referred back to the Court's Memorandum of April 13, 2009. The Court has reviewed the amended plan and disclosure statement and provides the following comments to assist the parties in preparing for the May 22, 2009 hearing.

**A. THE PLAN**

The Court sees a few structural defects in the plan.

1. First, the Court does not believe the debtor can alter the statutory rate of interest payable to Alameda County on account of its property tax claims.

2. Second, with respect to those secured creditors to receive monthly payments not specified as being based on an amortization schedule or interest only, the plan is not sufficiently specific as to the amount of the monthly payment. If the monthly payments are to be in equal amounts, that should be specified. Otherwise, each payment amount should be specified. With respect to Class L, the plan does not even specify whether the payments will be monthly or at some other interval.

**B. THE DISCLOSURE STATEMENT**

There are several minor problems with the disclosure statement.

1. The plan specifies a proposed treatment of the priority claim of the Franchise Tax Board. The disclosure statement states that there are no unclassified priority claims other than the claim of the Internal Revenue Service. This inconsistency should be fixed or explained.

2. The disclosure statement discloses the total amount of delinquent property tax due to Alameda County but not the amounts encumbering each parcel. The latter approach is required.

2

3. The disclosure statement does not adequately discuss the debtor's assets. Several of the properties have houses on them. One of the houses is the debtor's residence. However, there is no discussion of whether there is anyone living in the other residences, if so, who, and whether any income is being generated as a result.

4. The disclosure statement represents that the debtor's nondebtor spouse's income is sufficient to pay for their living expenses other than the home mortgage. There is no discussion of how she is employed, what income she earns, or the amount of the couple's other living expenses. Schedule I discloses no income or employment by the debtor's spouse. The instructions to that form make it clear that a spouse's employment and income must be disclosed even if the spouse has not filed bankruptcy him or herself.

However, the most serious problems are the lack of a liquidation analysis and an insufficient discussion of feasibility.

1. The disclosure statement states that it is not providing a liquidation analysis and does not believe one is necessary due to the plan's proposal to pay general, unsecured creditors in full. This conclusion is misguided. The general, unsecured creditors will be paid in full only if the debtor successfully performs his plan. At minimum, there is a risk that the debtor will not succeed. In order to vote, the creditors must be able to compare what they would be likely to

3

receive in a chapter 7 liquidation.  Thus, each property must be analyzed on a liquidation basis: the gross sale price estimated and from that deducted the encumbrances, costs of sale, and exemptions, if any.  The net sale proceeds should then be totaled and the priority and estimated administrative claims deducted.  The amount of the general, unsecured claims should then be compared to the balance.

2.  The feasibility discussion is also deficient.  The narrative style of the discussion is not conducive to a clear understanding of the required plan payments or the debtor's ability to make them.  In the mean time, they are being delayed in enforcing their rights.  The disclosure statement should set forth graphically the monthly payments that the plan will require the debtor to make over the period of at least the first five years of the plan.  It will presumably then be possible to determine whether the amount of excess cash flow that the debtor represents that he expects to generate is realistic.

END OF ORDER

4

COURT SERVICE LIST

James F. Beiden
Law Offices of James F. Beiden
840 Hinckley Rd. #245
Burlingame, CA 94010

Collins A. Mbanugo
90 Skyway Lane
Oakland, CA 94619

Donald H. Cram, III
Severson & Werson
One Embarcadero Center, 26th Floor
San Francisco, CA 94111

Patric Kelly
Adleson, Hess & Kelly, APC
577 Salmar Ave., Second Floor
Campbell, CA 95008

Kelly Woodruff
Farella Braun & Martel LLP
Russ Building, 235 Montgomery St.
San Francisco, CA 94104